## UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF CALIFORNIA

### CIVIL MINUTES – GENERAL

| | | | |
|---|---|---|---|
| Case No. | LA CV13-02918 JAK (Ex) | Date | June 24, 2013 |
| Title | Federal Home Loan Mortgage Corporation v. Noe Munoz, et al. | | |

Present: The Honorable    JOHN A. KRONSTADT, UNITED STATES DISTRICT JUDGE

| Andrea Keifer | Not Reported |
|---|---|
| Deputy Clerk | Court Reporter / Recorder |
| Attorneys Present for Plaintiff: | Attorneys Present for Defendants: |
| Not Present | Not Present |

**Proceedings:**    **(IN CHAMBERS) ORDER REMANDING ACTION** `JS-6`

On March 11, 2013, the Federal Home Loan Mortgage Corporation ("Plaintiff") brought an unlawful detainer action in the Los Angeles County Superior Court in which Noe Munoz and Esther Munoz were named as defendants ("Defendants"). The action was based on Defendants' alleged failure to comply with a three-day notice to quit served after Plaintiff allegedly purchased the property at a foreclosure sale. Compl. ¶¶ 7-12, Notice of Removal, Exh. A, Dkt. 1. On April 25, 2013, Defendants removed the action to this Court. Notice of Removal, Dkt. 1.

On May 3, 2013, Plaintiff filed a motion to remand the case to the Superior Court (Dkt. 6) and an ex parte application for the same relief or, alternatively, for an order shortening the time on the motion to remand the case (the "Application") (Dkt. 5). On May 8, 2013, the Court denied the Application and issued an Order to Show Cause re Subject Matter Jurisdiction (the "OSC"). Dkt. 23. The Court directed the parties to submit memoranda on or before May 22, 2013 with respect to whether this Court has subject matter jurisdiction over this action. *Id.* Although Defendants filed an opposition to the Application on May 7, 2013 (Dkt. 21), they did not respond to the OSC. Plaintiff filed its response to the OSC on May 13, 2013. Dkt. 24.

With respect to subject matter jurisdiction, the Court stated the following in its prior order:

> As a court of limited jurisdiction, see *Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 377 (1994), this Court must determine the issue of subject matter jurisdiction before reaching the merits of a case, *see Steel Co. v. Citizens for a Better Env't*, 523 U.S. 83, 94 (1998). Defendants appear to contend that this Court has subject matter jurisdiction under 28 U.S.C. § 1331 (federal question jurisdiction) because of alleged violations of federal law. Notice of Removal, Dkt. 1.
>
> Federal question jurisdiction exists only where a civil action arises "under the Constitution, laws, or treaties of the United States." 28 U.S.C. § 1331.
>
> > For a case to 'arise under' federal law, a plaintiff's well-pleaded complaint must establish either (1) that federal law creates the cause of action or (2)

**UNITED STATES DISTRICT COURT**
**CENTRAL DISTRICT OF CALIFORNIA**

**CIVIL MINUTES – GENERAL**

| Case No. | LA CV13-02918 JAK (Ex) | | Date | June 24, 2013 |
|---|---|---|---|---|
| Title | Federal Home Loan Mortgage Corporation v. Noe Munoz, et al. | | | |

that the plaintiff's asserted right to relief depends on the resolution of a substantial question of federal law. Federal jurisdiction cannot hinge upon defenses or counterclaims, whether actual or anticipated.

*K2 Am. Corp. v. Roland Oil & Gas, LLC*, 653 F.3d 1024, 1029 (9th Cir. 2011).

Plaintiff's unlawful detainer Complaint does not contain a cause of action that arises under federal law, nor does it raise a federal question; it alleges only that Defendants are unlawfully remaining in real property without a right to do so under California law. Defendants contend that portions of the California Civil Code applicable in this case violate the Equal Protection Clause, raising federal question jurisdiction. Notice of Removal ¶ 4, Dkt. 1. However, an actual or anticipated counterclaim cannot serve as the basis for "arising under" jurisdiction. *Holmes Group, Inc. v. Vornado Air Circulation Systems, Inc.*, 535 U.S. 826, 830-31 (2002). It is well settled that "the existence of federal jurisdiction on removal must be determined from the face of plaintiff's complaint." *Westinghouse Elec. Corp. v. Newman & Holtzinger, P.C.*, 992 F.2d 932, 934 (9th Cir. 1993).

The party asserting the Court's jurisdiction bears the burden of establishing it. *Kokkonen*, 511 U.S. at 377. Here, Defendants have not sufficiently established a basis for federal question jurisdiction.

Dkt. 23.

As noted, Defendants did not respond to the OSC. They have not established a basis for federal question jurisdiction. In addition, diversity jurisdiction exists only where a civil action is between citizens of different states and the amount in controversy exceeds $75,000. 28 U.S.C. § 1332. The face of Plaintiff's complaint explicitly states that the amount demanded does not exceed $10,000, and Defendants have made no showing that indicates otherwise.

For these reasons, the matter is remanded to the Superior Court of California, the County of Los Angeles, East District - El Monte Courthouse, No. 13UC0188. The motion to remand filed by Plaintiff is rendered MOOT by this ruling.

**IT IS SO ORDERED.**

|  | : |  |
|---|---|---|
| Initials of Preparer | ak | |